**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**IN ADMIRALTY**

Case No.: 19-10087-MARTINEZ-OTAZO-REYES

CERTAIN UNDERWRITERS AT LLOYDS
OF LONDON (THOSE UNDERWRITERS
SUBSCRIBING TO CERTIFICATE OF
INSURANCE NUMBER 157044) a/s/o
WILLIAM CHANEY,

       Plaintiff,

v.

ALBREN YACHT SERVICES L.L.C.,
SPEARS MANUFACTURING COMPANY,
and           GROSS           MECHANICAL
LABORATORIES, INC.,

       Defendants.           /

**JOINT SCHEDULING REPORT**

Plaintiff, CERTAIN UNDERWRITERS AT LLOYDS OF LONDON (THOSE

UNDERWRITERS SUBSCRIBING TO CERTIFICATE OF INSURASNCE NUMBER 157044)

a/s/o WILLIAM CHANEY ("Underwriters"), and Defendants, ALBREN YACHT SERVICES

LLC ("Albren"), SPEARS MANUFACTURING COMPANY ("Spears"), and GROSS

MECHANICAL LABORATORIES, INC. ("Groco") (collectively, the "Parties"), pursuant to this

Court's Order dated June 6, 2019 [D.E. 4] and Local Rule 16.1(b), met in person on July 18, 2019,

and hereby submit the following Joint Scheduling Report:

    I.  **Appropriate Case Management Track for the Action**: The Parties believe the

appropriate case management track for the action is the Standard Track.

    II.  **Requirements of Local Rule 16.1(b)(2)(A)-(K)**:

A.  **Likelihood of Settlement:** The Parties, together with subrogor William Chaney, attended a mediation in connection with the underlying coverage action in November 2018, but were unsuccessful. That case was styled *William Chaney v. Certain Underwriters at Lloyds of London*, Case No. 4:17-cv-10077, and was pending in the United States District Court for the Southern District of Florida before Judge James Lawrence King. As such, the Parties do not believe that settlement is likely at this time.

B.  **The Likelihood of Appearance in the Action of Additional Parties**: The Parties are uncertain as to whether additional parties will be added at this time.

C.  **Proposed Limits on Time**: The Parties refer the Court to Attachment A for a list of their proposed deadlines in this action.

D.  **Proposals for Simplification of Issues and Motions for Summary Judgment**: None at this time. However, the parties will attempt to work together cooperatively to streamline the issues.

E.  **The Necessity or Desirability of Amendments to the Pleadings**: Underwriters are considering amending their complaint, but have not yet made a determination as to same. Should amendment be necessary, the Parties agree to bring such need to the Court's attention as soon as possible.

F.  **Admissions of Fact/Stipulations Regarding Authenticity of Documents/Need for Advance Rulings on Admissibility of Evidence**: The Parties do not have any such admissions, stipulations or need for rulings at this early stage of the case, but will work together in good faith.

G. **Suggestions for the Avoidance of Unnecessary Proof or of Cumulative Evidence**: None at this time. However, the Parties will work together in good faith to avoid unnecessary proof and cumulative evidence.

H. **Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master**: The Parties consent to having pretrial discovery matters, motions for fees, and motions for costs submitted to Magistrate Judge Otazo-Reyes. The Parties, at this time, do not suggest referring any other matters to the Magistrate Judge.

I. **Preliminary Estimate of the Time Required for Trial**: The Parties presently estimate the need for a five-day non-jury trial.

J. **Requested Date or Dates for Conferences Before Trial, a Final Pretrial Conference, and Trial**: The Parties refer the Court to Attachment A for a list of their proposed deadlines in this action.

K. **Any Issues About Disclosure, Discovery, Privilege, etc.**: None at this time.

III. **Additional Requested Information**

A. **Jury/Non-Jury Trial**: Non-Jury.

B. **Outline of the Legal Elements of Each Claim and Defense Raised by the Pleadings**:

The Parties note that while the controlling law was addressed in their scheduling conference, the below recitations of the legal elements of their claims and defenses are preliminary and for background information only, consistent with the requirements of the Court's Order. The Parties have not reached an agreement as to whether the following elements in fact represent the correct standards, but anticipate providing the Court with an agreed statement of the law to be applied no later than in the Joint Pretrial Stipulation.

3

## **Claims**

Underwriters: Underwriters have pleaded claims for common-law negligence against all three defendants related to their manufacturing of their respective parts (Spears and Groco) or their installation of the subject fitting (Albren). The elements of a cause of action for negligence are the existence of a legal duty, the breach of that duty, and damages that were proximately caused by that breach. *See, e.g.*, *Curd v. Mosaic Fertilizer, LLC*, 39 So. 3d 1216, 1227 (Fla. 2010).

## **Defenses**

Albren:

- Whether the alleged loss was caused and/or contributed to by the Plaintiff, and/or Plaintiff's insured's agents, subcontractors, employees, and assigns; such that, Plaintiff's recovery should be barred by the doctrine of comparative fault or reduced by the amount of comparative fault attributable to the Plaintiff's insured's agents, subcontractors, employees and assigns.

- Whether the alleged loss was proximately caused entirely by third parties over which Albren had no control.

- Whether the alleged loss was proximately caused by act of God, and/or unforeseen intervening conditions and circumstances for which Albren is not legally responsible.

- Whether the alleged loss was proximately caused by manufacturing defects in the plastic fittings manufactured by Defendant SPEARS.

- Whether the alleged loss was proximately caused by manufacturing defects in the metal check valve manufactured by Defendant GROCO.

- Whether the Plaintiff has failed to fully mitigate its alleged damages.

4

- Albren states that the extent of the Plaintiff's damages, if any, are limited to the fair market value of the insured vessel at the time of the loss, to the exclusion of a declared valuation exceeding the vessel's fair market value at the time of the loss.

- Whether the Plaintiff's negligence claim against ALBREN is barred by the economic loss rule.

- Whether Albren is entitled to a set off for any amounts Plaintiff received from any other Defendant, or any third party, for the damages sued for in this action.

- Whether Plaintiff's subrogation action is barred for lack of standing because Plaintiff paid its insured, William Chaney, as a volunteer.

- Whether Plaintiff is judicially estopped from claiming the negligence of Albren caused it damages due to the inconsistent position taken by Plaintiff in the matter of William Chaney v. Certain Underwriters at Lloyds of London (Those Underwriters Subscribing To Certificate Of Insurance Number 157044), Southern District of Florida Case Number 4:17 – CV-10077-KING/SIMONTON).

Spears:

- Whether William Chaney, his Captain Terry Moore, and/or Brendon Crumb or other employees or agents of Albren Yacht Services L.L.C. misused the Schedule 80 PVC coupling ("plastic fitting") manufactured by Spears, which misuse caused or contributed to Plaintiff's alleged damages.

- Whether William Chaney, his Captain Terry Moore, and/or Brendon Crumb or other employees or agents of Albren Yacht Services L.L.C. modified or altered the plastic fitting manufactured by Spears, which modification or alteration caused or contributed to Plaintiff's alleged damages.

- That Brendon Crumb failed to use reasonable care when installing the plastic fitting, and that Mr. Crumb's negligence was a legal cause of Plaintiff's damage. These two facts must be proven by a preponderance of the evidence.

- Whether the sole or contributing causes of Plaintiff's alleged damages, if any, were the acts, omissions, or conduct of Brendon Crumb, Albren Yacht Services, William Chaney, Gross Mechanical Laboratories, and/or Captain Terry Moore.

- The percentage of negligence, if any, attributable to Brendon Crumb, Terry Moore, William Chaney, Albren Yacht Services, Spears Manufacturing Company, and Gross Mechanical Laboratories that was a legal cause of Plaintiff's damage.

- Whether Plaintiff's negligence claims are barred by the Economic Loss Rule.

- Whether Plaintiff failed to mitigate its damages.

- The amount of any set off for sums Plaintiff received from any Defendant or third party for the damages sued for.

- Whether the product was manufactured in accordance with the state-of-the-art of scientific and technical knowledge and other circumstances that existed at the time of the product's manufacture, not at the time of the loss or damage.

- Whether the sole or contributing causes of Plaintiff's alleged damages, if any, were the acts, omissions, or conduct of Brendon Crumb, Albren Yacht Services, William Chaney, Gross Mechanical Laboratories, and/or Captain Terry Moore.

- Whether an unforeseeable intervening cause was the sole or contributing cause of Plaintiff's alleged damages.

- Whether Plaintiff's subrogation claim is barred because Plaintiff paid Mr. Chaney's claim as a volunteer.

- Whether Plaintiff is judicially estopped from claiming that Spears' negligence caused its damages due to the inconsistent positions taken by Plaintiff and by William Chaney in the case of *William Chaney v. Certain Underwriters at Lloyds of London (Those Underwriters Subscribing to Certificate of Insurance Number 157044)*, Southern District of Florida Case Number 4:17-cv-10077-KING/SIMONTON.  The elements of judicial estoppel are (1) whether the present position is clearly inconsistent with the earlier position; (2) whether the party succeeded in persuading a court to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding would create the perception that either the first or second court was mislead and; (3) whether the party advancing the inconsistent position would derive an unfair advantage." *See, e.g.*, *New Hampshire v. Maine,* 532 U.S. 742, 750–51 (2001).

Groco: Whether the product of Defendant, Gross Mechanical Laboratories, was defective and whether the defect alleged was the cause of the sinking; damages. Our affirmative defenses, set out more fully in our responsive pleading, focus on the misuse of the male metal check valve, when connected to a female PVC coupling. Generally, stress is equally-shared between two components when joining threads of similar materials. However, since PVC is softer than metal, only the PVC will compress and stretch as the joint is tightened due to the metal having much greater strength properties compared to plastic. The fact that these connections will fail and/or leak is widely known in the plumbing industry. Gross Mechanical Laboratories has also raised affirmative defenses insofar as Underwriters waived it subrogation rights through its denial of coverage to William Chaney and/or paid as a volunteer after issuance of its October 5 ,2016 denial letter.

       C.  **<u>Good Faith Estimate of the Specific Dollar Valuation of Actual Damages and</u>** **<u>Other Relief at Issue</u>**: The Parties dispute whether Underwriters are entitled to the insured value of the Vessel—which was $400,000—or the fair market value of the Vessel, which is alleged to be less.

       D.  **<u>Need for Variance from the Discovery Limitations Imposed by Local Rule</u>** **<u>and/or the Federal Rules of Civil Procedure</u>**: None at this time.

**Attachment "A"**

**PRE-TRIAL DEADLINES AND TRIAL DATE**

**DATE**
month/day/year

| | |
|---|---|
| 11/1/2019 | Joinder of Additional Parts and motions for class certification. |
| 12/2/2019 | Parties shall exchange expert witness summaries and reports. |
| 12/13/2019 | Parties shall exchange written lists containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| 1/15/2020 | Parties exchange rebuttal expert witness summaries and reports. <u>Note</u>: These provisions pertaining to <u>expert</u> witnesses do not apply to treating physicians, psychologists or other health providers (if a *Daubert* or *Markman* hearing may be necessary, the parties are to add that as an additional deadline at the bottom of Attachment A). |
| 3/5/2020 | All discovery, including expert discovery, shall be completed. |
| 3/13/2020 | A mediator must be selected. |
| 4/20/2020 | All summary judgment, *Daubert*, and other dispositive motions must be filed. A **minimum of eight (8) weeks** is required for the Court to review dispositive motions prior to filing of the joint pretrial stipulation. **If no dispositive motions will be filed, clearly note this fact in the Joint Scheduling Report.** |
| 5/15/2020 | Mediation shall be completed. |
| 5/29/2020 | All Pretrial Motions and Memoranda of Law must be filed. |
| 6/19/2020 | Joint Pretrial Stipulation must be filed. |
| 7/6/2020 | Proposed jury instructions and/or proposed findings of fact and conclusions of law must be filed. |
| 7/10/2020 | Deposition designations must be filed. |
| 7/13/2020 | Beginning of Trial Period. |
| 8/15/2019 | Deadline to exchange initial disclosures pursuant to Rule 26(a)(1) |

Dated: July 18, 2019.

Respectfully Submitted,

Charles S. Davant, Esq.
Florida Bar No. 15178
csd@davantlaw.com
Aaron M. Dmiszewicki, Esq.
Florida Bar No. 111455
amd@davantlaw.com

DAVANT LAW, P.A.
401 East Las Olas Blvd.
Suite 1400
Fort Lauderdale, FL 33301
Phone: 954-414-0400
Fax: 954-332-3301
*Attorneys for Underwriters*

Brian T. Scarry, Esq.
Florida Bar No. 914230
bscarry@admiral-law.com
David J. Horr, Esq.
Florida Bar No. 310761
dhorr@admiral-law.com

HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL 33156
Phone: 305-670-2525
Fax: 305-670-2526
*Attorneys for Albren*

Cindy L. Ebenfeld, Esq.
Florida Bar No. 980579
cebenfeld@mhickslaw.com
cmitchell@mhickslaw.com
eclerk@mhickslaw.com
HICKS, PORTER, EBENFELD &
STEIN, P.A.
Sheridan Professional Centre
11011 Sheridan Street, Suite 104
Hollywood, FL 33026
Phone: 954-624-8700
Fax: 954-624-8064
*Attorneys for Spears*

Michael J. Reilly, Esq.
Florida Bar No. 56884
Mreilly5@travelers.com
Medmond2@travelers.com

LAW OFFICES OF JAMES W.
KEHOE, III
3230 West Commercial Blvd.
Suite 250
Fort Lauderdale, FL 33309
Mailing Address:
P.O. Box 2903
Hartford, CT 06104-2903
Phone: 954-677-3707
Fax: 866-292-4641
*Attorneys for Groco*